IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>TUSHAR PARIKH<br>　　　*Debtor*. | Case No. 24-18926<br>Chapter 7<br>Hon. Janet S. Baer |
| RIDDHI CORPORATION<br>　　　*Creditor-Plaintiff*,<br>v.<br>TUSHAR PARIKH,<br>　　　*Debtor-Defendant*. | Adversary No. _____ |

### COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

Plaintiff Riddhi Corporation ("Creditor-Plaintiff" or "Riddhi"), by and through its attorneys, The Agrawal Firm, LLC, hereby files this Complaint for Determination of Dischargeability of Debt under 11 U.S.C. §§ 523(a)(4), (a)(6) against Defendant Tushar Parikh ("Debtor-Defendant" or "Parikh"), and in support thereof, states as follows:

### JURISDICTION AND VENUE

1. This adversary proceeding is commenced by the Creditor-Plaintiff pursuant to Section 523 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(6) of the Federal Rules of Bankruptcy Procedure. This adversary proceeding seeks a determination of the dischargeability of a debt pursuant to Sections 523(a)(4) and (a)(6) of the Bankruptcy Code.

2. This adversary proceeding relates to the chapter 7 case of Tushar Parikh, Case No. 24-18926, pending in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

1

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a).

4. This action is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

5. This Court has personal jurisdiction over the Debtor-Defendant pursuant to Fed. R. Bankr. P. 7004(f).

6. Venue of this action is proper before this Court pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

7. Riddhi is a foreign corporation with its principal place of business and main office located at 3, Bollywood Cinema Building, Kohinoor Society, Varachha Road, Surat, Gujarat 395006, India.

8. Parikh is an individual residing in Cook County, Illinois and is the debtor in the underlying bankruptcy case.

## STATEMENT OF FACTS

*The Business Relationship Between Riddhi, Parikh, and Green Earth*

9. Riddhi is a supplier of lab-created diamonds to the international market.

10. Parikh is the member, manager, and registered agent of Green Earth Diamonds, LLC ("Green Earth"), an Illinois limited liability company engaged in the sale and distribution of diamonds.

11. On or about June 2018, Riddhi and Green Earth, through its representative Parikh, entered into a business arrangement under which Riddhi would supply diamonds to Green Earth, and Green Earth would market and sell the diamonds in exchange for a commission to Green Earth and/or Parikh.

12. As part of the agreement, Parikh was entrusted with the possession of Riddhi's diamonds, selling them on Riddhi's behalf while maintaining a significant stock of unsold diamonds. In doing so, Parikh occupied a position of trust and responsibility, holding assets that did not belong to him or Green Earth.

13. Between 2018 and 2020, Riddhi supplied millions of dollars worth of diamonds to Green Earth, operating under the reasonable expectation that Parikh and Green Earth would act in good faith, maintain proper accounting, and remit the appropriate sales proceeds.

*Green Earth and Parikh's Unlawful Retention of Funds and Diamonds*

14. On or about July 2020, Riddhi and Green Earth terminated their business relationship, at which point Riddhi demanded the return of its diamonds being held by Parikh and Green Earth and the sales proceeds generated from prior transactions.

15. Instead of fulfilling his obligation to return Riddhi's property, Parikh and Green Earth refused to surrender the diamonds and withheld sales proceeds, falsely claiming entitlement to the retained amounts as commission. However, this assertion lacked any contractual or other basis. At no point had Riddhi authorized Green Earth or Parikh to retain unsold inventory or claim additional commissions beyond a reasonable percentage of sales.

16. Despite multiple written and verbal demands, Parikh refused to return the remaining diamonds and funds.

*Parikh's Personal Role in the Misappropriation*

17. Following the termination of the business relationship, Parikh, in his capacity as Member and Manager of Green Earth and in his personal capacity, willfully exercised dominion and control over Riddhi's assets, engaging in deliberate misconduct, including:

3

    a. Retaining and selling Riddhi's diamonds without authorization, despite lacking ownership rights;

    b. Misappropriating past and future customer payments from the sale of Riddhi's diamonds instead of remitting them to Riddhi; and

    c. Unilaterally determining that he and Green Earth were entitled to retain all proceeds, despite having no agreement from Riddhi authorizing such retention.

18. Parikh's actions were not accidental, negligent, or the result of oversight—they were intentional, calculated, and deliberately harmful. Knowing that he had no legal right to retain Riddhi's assets, Parikh actively maintained the diamonds and funds for his personal financial gain, disregarding his fiduciary duty to properly account for the entrusted property.

*State Court Judgment Against Parikh*

19. On October 18, 2023, Riddhi initiated a lawsuit against Green Earth and Parikh in the Circuit Court of Cook County, Illinois, asserting claims for:

    a. Unjust enrichment against Green Earth for improperly retaining funds belonging to Riddhi; and

    b. Conversion against both Green Earth and Parikh for the wrongful retention and misappropriation of Riddhi's property.

20. On November 26, 2024, following a bench trial, the Circuit Court entered a final judgment, where:

    a. Green Earth was found liable for unjust enrichment for its wrongful retention of Riddhi's funds; and

    b. Both Green Earth and Parikh were found jointly liable for conversion, meaning the court found that Parikh himself engaged in the wrongful retention and misappropriation of Riddhi's property.

A true and correct copy of the judgment is attached hereto as **Exhibit A** and incorporated herein by reference.

21. As of December 19, 2024, Parikh remains indebted to Riddhi in the amount of $1,956,574.90, plus statutory post-judgment interest.

## COUNT I: NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)
### (Debt for Defalcation)

22. Plaintiff hereby incorporates by reference all preceding paragraphs.

23. 11 U.S.C. § 523(a)(4) excepts from discharge any debt arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

24. "Defalcation" in the context of § 523(a)(4) is "the misappropriation of trust funds held in any fiduciary capacity, and the failure to properly account for such funds." *Salem Servs. v. Hussain (In re Hussain)*, 308 B.R. 861, 868 (Bankr. N.D. Ill. 2004) (internal citation omitted).

25. Parikh, by virtue of his agreement with Riddhi, was entrusted with Riddhi's property in a fiduciary capacity, holding possession of the diamonds and managing the associated sales proceeds.

26. Parikh withheld proceeds and refused to return Riddhi's property, preventing Riddhi from fully recovering its rightful assets and assessing the full extent of its financial losses.

27. Parikh's actions meet the standard for defalcation because he blatantly disregarded his fiduciary obligations, failed to manage and account for entrusted assets, and directly caused substantial financial harm to Riddhi.

5

28. As a result, the $1,956,574.90 judgment, plus statutory post-judgment interest, against Parikh arises from his defalcation while acting in a fiduciary capacity and is therefore nondischargeable under § 523(a)(4).

**COUNT II: NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)**
**(Debt for Willful or Malicious Injury to Another Entity or Its Property)**

29. Plaintiff hereby incorporates by reference all preceding paragraphs.

30. 11 U.S.C. § 523(a)(6) excepts from discharge debts resulting from the "willful and malicious injury by the debtor to another entity or to the property of another entity."

31. Conduct is "willful" if (1) a debtor's motive was to inflict injury, or (2) a debtor's act was substantially certain to result in injury. *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013). "Maliciousness" exists when a debtor acts in conscious disregard of his duties or without just cause or excuse, regardless of whether he harbored ill-will or specific intent to harm. *Id.*

32. The judgment against Parikh establishes that he willfully and maliciously converted Riddhi's property by knowingly engaging in wrongful conduct that was substantially certain to result in financial harm to Riddhi, including but not limited to:

   a. Unilaterally seizing diamonds and proceeds that did not belong to him, despite knowing he had no lawful right to retain them;

   b. Maintaining dominion and control over diamonds he had no right to by selling them, withholding the proceeds, and keeping the funds for himself without authority; and

   c. Consciously disregarding Riddhi's repeated demands for the return of its assets, demonstrating that his actions were taken without just cause or excuse.

6

33. Parikh acted with knowledge that his conduct would necessarily harm Riddhi, satisfying the willfulness requirement under § 523(a)(6). He knew that withholding sales proceeds and diamonds would deprive Riddhi of its rightful assets and cause significant financial harm.

34. Parikh also acted maliciously by knowingly disregarding his legal obligations to Riddhi and persisting in his misconduct without justification, deliberately depriving Riddhi of its property and maintaining control over those assets for his personal benefit.

35. Parikh's actions went beyond mere refusal to pay or mishandling of funds—they constituted a deliberate effort to deprive Riddhi of its property, undertaken with knowledge of the resulting harm. His conduct was wrongful, unjustified, and demonstrated a conscious disregard for Riddhi's rights.

36. The Circuit Court's judgment, after a full trial and considering all the relevant evidence and testimony, against Parikh for conversion further supports the conclusion that his conduct was intentional, wrongful, and resulted in direct financial harm to Riddhi, satisfying the elements of § 523(a)(6).

37. As a result, the $1,956,574.90 judgment, plus post-judgment interest, against Parikh arises from a willful and malicious injury and is therefore nondischargeable under § 523(a)(6).

## **PRAYER FOR RELIEF**

WHEREFORE, Creditor-Plaintiff prays that the Court:

1. Enter judgment in favor of Creditor-Plaintiff and against Debtor-Defendant in the amount of $1,956,574.90, plus post-judgment interest, costs, and any other amounts determined by the Court as set forth herein;

2. Declare the November 26, 2024 judgment entered by the Circuit Court of Cook County, Illinois, against Debtor-Defendant is nondischargeable;

3. Determine that any judgment in favor of Creditor-Plaintiff is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6);

4. Tax the costs of this matter against Debtor-Defendant; and

5. Grant such other relief as this Court deems just and proper.

Dated this 24th day of February 2025.                    Respectfully Submitted,

*/s/Rishi Agrawal*
Rishi Agrawal
THE AGRAWAL FIRM, LLC
415 N. LaSalle Street, Suite 300A
Chicago, IL 60654
Phone: (312) 527-5440
Mobile: (312) 399-1697
Email: rishi@agrawalfirm.com

*Attorney for Creditor-Plaintiff*
*Riddhi Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he served or caused to be served, a copy of the attached **COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT** upon counsel of record on February 25, 2025 via the Court's electronic filing system.

*/s/Rishi Agrawal*
Rishi Agrawal
THE AGRAWAL FIRM, LLC
415 N. LaSalle Street, Suite 300A
Chicago, IL 60654
Phone: (312) 527-5440
Mobile: (312) 399-1697
Email: rishi@agrawalfirm.com

*Attorney for Creditor-Plaintiff*
*Riddhi Corporation*

# EXHIBIT A

Order (02/25/21) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

RIDDHI CORPORATION

v.   No. 22 L 733

GREEN EARTH DIAMONDS, LLC AND TUSHAR

### ORDER

This matter before the court for bench trial, Plaintiff/Counter-Defendant Riddhi Corporation present in person and by counsel and Defendants/Counter-Plaintiffs Green Earth Diamonds, LLC and Tushar Parikh present by Zoom and by counsel, trial having concluded, the court rules as follows:

$col 1. The Court enters judgment in favor of Plaintiff Riddhi Corporation on Count I Unjust Enrichment against Green Earth Diamonds, LLC.

4304 2. The Court enters judgment in favor of Plaintiff Riddhi Corporation on Count III Conversion jointly against Green Earth Diamonds, LLC and Tushar Parikh.

4271 3. Plaintiff Riddhi Corporation voluntarily dismisses Count II - Promissory Estoppel.

4. The Court finds that the measure of damages as to Count I and III is the same and awards Plaintiff Riddhi Corporation the following damages as to Counts I and III:

-- $1,564,112.19 less 5% for the diamonds that remained in the possession of Green Earth and Parikh in July, 2020 for a total of $1,485,906.58.

-- $538,099.53 less 2% commission for payments received by Green Earth after July, 2020, for a total of $527,337.54.

The damages total $2,013,244.12. The court further awards pre-judgment interest in the amount of 5% per annum from the date of July, 2020. Total damages awarded to Plaintiff: $2,441,058.50.

5. The Court enters judgment in favor of Counter-Defendant Riddhi Corporation as to Counts I (Breach of Contract) and II (Sales Representative Act) of Counter-Plaintiff's Counterclaim.

4301 6. The Court enters judgment in favor of Counter-Plaintiff Green Earth Diamonds, LLC as to Count III

Attorney No.: 46216
Name: RISHI AGRAWAL

Atty. for: PLAINTIFF
Address: 415 N LASALLE, SUITE 300A

City/State/Zip: CHICAGO/IL/60654
Telephone: 3123991697.

ENTERED:
**ENTERED**
Judge Jerry A. Esrig-2101
Dated: NOV 26 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Judge                                    Judge's No.

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order (02/25/21) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

RIDDHI CORPORATION

v.

No. 22 L 733

GREEN EARTH DIAMONDS, LLC AND TUSHAR

### ORDER

PAGE 2 OF ORDER

Quantum Meruit and awards Counter-Plaintiff the following damages:

$317,281.88 which amounts to two percent commission for Green Earth's sales between April, 2018, and July, 2020; and,

$153,792.22 which amounts to two percent commission for Riddhi Corporation's direct sales to IDJ between April, 2018, and July, 2020; totaling $471,074.10.

This total must be reduced by the amount Mr. Parikh received in the check payments that were drawn against his commission prior to the parties' ceasing their business relationship - this amount is $71,500., thereby bringing the pre-interest total to $399,574.10. (This deduction is not discussed in the report of proceedings. Upon reviewing the evidence, the court concluded that the deduction was required by the undisputed evidence and advised the parties.)

The court further awards pre-judgment interest in the amount of 5% per annum.

The court awards Counter-Plaintiff Green Earth a total of $484,483.60.

7. The net judgment in favor of Plaintiff Riddhi Corporation is $1,956,574.90.

8. This is a final order.

Attorney No.: 46216

Name: RISHI AGRAWAL

Atty. for: PLAINTIFF

Address: 415 N LASALLE, SUITE 300A

City/State/Zip: CHICAGO, IL 60654

Telephone: 3123991697

Modified by the Court

ENTERED:

Dated:

**ENTERED**
Judge Jerry A. Esrig-2101
NOV 26 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Judge _____ Judge's No.

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS